FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MAR  2019

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:19cr126-ECM |
| | ) | [21 U.S.C. § 846; |
| TRACY LYNN GIDDENS | ) | 21 U.S.C. § 843(a)(3); |
| a/k/a "Tracy Lynn Giddens- | ) | 18 U.S.C. § 2] |
| Cannon," | ) | |
| "Tracy Lynn Cannon" and | ) | |
| ASHLEY LEE BOZEMAN | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1
(Conspiracy to Violate the Controlled Substances Act)

Beginning from in or about April of 2016, and continuing through in or about September of 2017, the exact dates being unknown, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendants,

TRACY LYNN GIDDENS,
a/k/a "Tracy Lynn Giddens-Cannon,"
"Tracy Lynn Cannon" and
ASHLEY ~~MARIE~~ BOZEMAN,
LEE*

did knowingly, intentionally, and willfully conspire, combine, and agree with themselves and with others, both known and unknown, to: (1) possess with intent to distribute and to distribute controlled substances, to wit: oxycodone, a Schedule II controlled substance; hydrocodone, a Schedule II controlled substance; dextroamphetamine-amphetamine, a Schedule II controlled substance; and alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and (2) knowingly and intentionally obtain and acquire by misrepresentation, fraud, forgery, deception, and subterfuge, controlled substances, to wit: oxycodone, a Schedule II controlled substance; hydrocodone, a Schedule II controlled substance;

*Name corrected per 3/21/2019 Text Order

dextroamphetamine-amphetamine, a Schedule II controlled substance; and alprazolam, a Schedule IV controlled substance, in violation of Title 21, United States Code, Section 843(a)(3). All in violation of Title 21, United States Code, Section 846.

## COUNT 2
(Acquisition of a Controlled Substance by Fraud, Deception, or Subterfuge)

On or about June 3, 2016, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendants,

> TRACY LYNN GIDDENS,
> a/k/a "Tracy Lynn Giddens-Cannon,"
> "Tracy Lynn Cannon" and
> ASHLEY MARIE BOZEMAN,
> LEE

each aiding and abetting the other, did knowingly and intentionally obtain and acquire, by misrepresentation, fraud, forgery, deception, and subterfuge, a controlled substance, to wit: hydrocodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(3) and Title 18, United States Code, Section 2.

## COUNT 3
(Acquisition of a Controlled Substance by Fraud, Deception, or Subterfuge)

On or about June 30, 2016, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendants,

> TRACY LYNN GIDDENS,
> a/k/a "Tracy Lynn Giddens-Cannon,"
> "Tracy Lynn Cannon" and
> ASHLEY MARIE BOZEMAN,
> LEE

each aiding and abetting the other, did knowingly and intentionally obtain and acquire, by misrepresentation, fraud, forgery, deception, and subterfuge, a controlled substance, to wit: oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(3) and Title 18, United States Code, Section 2.

COUNT 4
(Acquisition of a Controlled Substance by Fraud, Deception, or Subterfuge)

On or about August 1, 2016, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendants,

TRACY LYNN GIDDENS,
a/k/a "Tracy Lynn Giddens-Cannon,"
"Tracy Lynn Cannon" and
ASHLEY ~~MARIE~~ BOZEMAN,
LEE

each aiding and abetting the other, did knowingly and intentionally obtain and acquire, by misrepresentation, fraud, forgery, deception, and subterfuge, a controlled substance, to wit: oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(3) and Title 18, United States Code, Section 2.

COUNT 5
(Acquisition of a Controlled Substance by Fraud, Deception, or Subterfuge)

On or about August 30, 2016, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendants,

TRACY LYNN GIDDENS,
a/k/a "Tracy Lynn Giddens-Cannon,"
"Tracy Lynn Cannon" and
ASHLEY ~~MARIE~~ BOZEMAN,
LEE

each aiding and abetting the other, did knowingly and intentionally obtain and acquire, by misrepresentation, fraud, forgery, deception, and subterfuge, a controlled substance, to wit: oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(3) and Title 18, United States Code, Section 2.

COUNT 6
(Acquisition of a Controlled Substance by Fraud, Deception, or Subterfuge)

On or about January 16, 2017, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

TRACY LYNN GIDDENS,
a/k/a "Tracy Lynn Giddens-Cannon,"
"Tracy Lynn Cannon,"

did knowingly and intentionally obtain and acquire, by misrepresentation, fraud, forgery, deception, and subterfuge, a controlled substance, to wit: hydrocodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(3).

COUNT 7
(Acquisition of a Controlled Substance by Fraud, Deception, or Subterfuge)

On or about February 22, 2017, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

TRACY LYNN GIDDENS,
a/k/a "Tracy Lynn Giddens-Cannon,"
"Tracy Lynn Cannon,"

did knowingly and intentionally obtain and acquire, by misrepresentation, fraud, forgery, deception, and subterfuge, a controlled substance, to wit: hydrocodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(3).

COUNT 8
(Acquisition of a Controlled Substance by Fraud, Deception, or Subterfuge)

On or about March 7, 2017, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

TRACY LYNN GIDDENS,
a/k/a "Tracy Lynn Giddens-Cannon,"
"Tracy Lynn Cannon,"

did knowingly and intentionally obtain and acquire, by misrepresentation, fraud, forgery, deception, and subterfuge, a controlled substance, to wit: hydrocodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(3).

COUNT 9
(Acquisition of a Controlled Substance by Fraud, Deception, or Subterfuge)

On or about August 17, 2017, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

TRACY LYNN GIDDENS,
a/k/a "Tracy Lynn Giddens-Cannon,"
"Tracy Lynn Cannon,"

did knowingly and intentionally obtain and acquire, by misrepresentation, fraud, forgery, deception, and subterfuge, a controlled substance, to wit: hydrocodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(3).

COUNT 10
(Acquisition of a Controlled Substance by Fraud, Deception, or Subterfuge)

On or about August 17, 2017, in Montgomery County, within the Middle District of Alabama, and elsewhere, the defendant,

TRACY LYNN GIDDENS,
a/k/a "Tracy Lynn Giddens-Cannon,"
"Tracy Lynn Cannon,"

did knowingly and intentionally obtain and acquire, by misrepresentation, fraud, forgery, deception, and subterfuge, a controlled substance, to wit: dextroamphetamine-amphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 843(a)(3).

FORFEITURE ALLEGATION

A.   The allegations contained in counts 1 through 10 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

B.    Upon conviction of the offenses in violation of Title 21, United States Code, Section 841(a)(1), set forth in count 1 of this Indictment, and Title 21, United States Code, Section 843(a)(3), set forth in counts 2 through 10 of this Indictment, the defendants,

> TRACY LYNN GIDDENS,
> a/k/a "Tracy Lynn Giddens-Cannon,"
> "Tracy Lynn Cannon" and
> ASHLEY MARIE LEE BOZEMAN,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from proceeds defendants obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the offenses in violation of Title 21, United States Code, Sections 841(a)(1) and 843(a)(3).

C.    If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

_____
Foreperson

_____
LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Jonathan S. Ross
Assistant United States Attorney

_____
R. Randolph Neeley
Assistant United States Attorney